IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

| | |
|---|---|
| ANTWAN JONES, | * |
| Petitioner, | * |
| v. | CIVIL NO.: WDQ-10-2582 |
| | CRIMINAL NO.: WDQ-06-0384 |
| UNITED STATES OF AMERICA, | * |
| Respondent. | * |

\* \* \* \* \* \* \* \* \* \* \* \* \*

MEMORANDUM OPINION

On November 27, 2007, Antwan Jones pled guilty to being a felon in possession of a firearm and was sentenced to 170 months' imprisonment. Pending are Jones's *pro se* motions to appoint counsel and to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. For the following reasons, the motions will be denied.

I. Background

On August 23, 2006, Jones was indicted for being a felon in possession of a firearm in violation of 21 U.S.C. § 922(g). ECF No. 1. On October 17, 2007, Jones filed a pre-trial motion to suppress evidence *pro se* because he had been unable to reach his attorney, Anton Keating, between July 2007 and October 15, 2007. Mot. to Vacate 9. On October 15, 2007, Keating informed Jones of a proposed plea agreement dated September 17, 2007 ("the

September offer"), under which the government would recommend that Jones receive a two-level downward adjustment for substantial assistance and a three-level downward adjustment for acceptance of responsibility.[1] Mot. to Vacate 9; Resp. to Mot. to Vacate Ex. 2 at 5. The proposed agreement stated that the offer would be "deemed withdrawn" if Jones did not accept it by October 10, 2007. *Id.* Ex. 2 at 1.

Between October 15, 2007 and November 26, 2007, Jones wrote Keating about Jones's pre-trial motion, a collateral challenge to his state conviction for a narcotics violation, and reaching a plea agreement. Jones stated that "if [the government] agree[s] to label my [20]03 [narcotics] conviction as an over-representation of the crime, I will accept the plea offer." *Id.* Ex. 4 at 4.

On November 26, 2007, Jones's scheduled trial date, he told the Court that he wished to accept the September offer. Resp. to Mot. to Vacate. Ex. 4, I-23:16-17. When the government indicated that the agreement would no longer include the downward adjustments, Jones decided to "go on with the trial." *Id.* Ex. 4, I-31: 13-15. The next day, after a jury had been selected, the Court heard and denied Jones's pre-trial motion to suppress the firearm. *Id.* Ex. 4, II-14:12. Jones then pled

---

[1] The offer contemplated that Jones would have an adjusted offense level of 28 and be in criminal history category VI, giving him an advisory guidelines range of 140-175 months.

2

guilty, accepting the agreement the government had offered the previous day.² *Id.* Ex. 4, II-14:17-18.

According to the Presentence Report ("PSR"), Jones had four prior convictions for violent felonies or serious drug offenses: a 1990 narcotics violation, and 1992 Robbery, and 1994 and 2003 Possession with Intent to Distribute convictions; all are predicates for the armed career criminal sentencing enhancement.³ Resp. to Mot. to Vacate Ex. 6, 4-6.

At sentencing, the government moved for a two-level downward adjustment for Jones's substantial assistance and opposed an adjustment for acceptance of responsibility.⁴ *Id.* Ex. 1, 3:15-25; 4:1-8. Jones's attorney challenged the 2003 state conviction as a predicate and objected to the treating of the 1990 conviction as a "serious drug offense." *Id.* Ex. 1, 6:6; 11:1-2. Jones's attorney also argued for a four-level downward adjustment for extraordinary assistance because Jones had

---

² During the plea colloquy, Jones testified that his attorney had done everything Jones had told him to do and had not refused to do anything Jones had wanted him to do. Resp. to Mot. to Vacate Ex. 4, II-23:15-20.

³ These convictions made Jones an armed career criminal, raising his base offense level from 24 to 33. Resp. to Mot. to Vacate Ex 6, 3.

⁴ Anticipating that the Court would grant a two-level adjustment for acceptance of responsibility, the government thought that Jones would have a sentencing range of 151 - 188 months and requested a 170 month sentence. Resp. to Mot. to Vacate Ex 1, 4:6-15.

3

endangered himself and his family to assist the government. *Id.* Ex. 1, 12:8-17.

The Court found that Jones was an armed career criminal, and gave him a two-level downward adjustment for substantial assistance, and a two-level downward adjustment for acceptance of responsibility. *Id.* Ex. 1, 23:2-9. Jones's offense level was 29, and his criminal history category was VI, giving him an advisory sentencing range of 151-188 months. *Id.* On February 8, 2008, the Court imposed 170 months imprisonment, four years supervised release, and a $100 special assessment. ECF No. 40.

On February 14, 2008, Jones appealed the judgment. ECF No. 43. On March 16, 2009, the Fourth Circuit dismissed the appeal. ECF No. 49. On September 17, 2010, Jones moved to vacate his sentence under 28 U.S.C. § 2255,[5] ECF No. 55, and for appointment of counsel, ECF No. 54.

II. Analysis

Jones argues that the Court incorrectly found that he is an armed career criminal, and he received ineffective assistance of counsel because his attorney had not shown him the government's plea offer until after it had expired. Mot. to Vacate 2, 9.

---

[5] The motion is timely because Jones filed a petition for certiorari which was denied on October 5, 2009. Mot. to Vacate 3.

4

A.   Armed Career Criminal

Jones argues that the Court should not have sentenced him as an armed career criminal because the government did not prove his 1990 narcotics violation, and his 2003 possession with intent conviction was invalid. Mot. to Vacate 2-3.

An offender is an armed career criminal and subject to an enhanced sentence under the United States Sentencing Guidelines if he (1) violates 18 U.S.C. § 922(g) and (2) has three predicate convictions. 18 U.S.C. § 924(e)(1); United States Sentencing Commission, *Guidelines Manual*, §4B1.4 (Nov. 2008).

"[I]f, by the time of sentencing . . . a prior conviction has not been set aside on direct or collateral review, that conviction is presumptively valid and may be used to enhance the federal sentence." *Daniels v. United States*, 532 U.S. 374, 382 (2001) (*citing Custis v. United States*, 511 U.S. 485, 497 (1994)). Just as a defendant may not collaterally attack his prior convictions during sentencing, he may not do so through a 28 U.S.C. § 2255 motion to vacate the armed career criminal sentence. *Id*.

Jones argues that the 2003 conviction was a "rare case[] in which no channel of review was actually available" for him to challenge it, so he can challenge it here. Mot. to Vacate 1 (*citing Daniels*, 532 U.S. 383). Jones argues that no channel of review was available for the 2003 conviction because even though

5

he filed a petition for a writ of *coram nobis* in the state court, the court failed to notify Jones or his attorney when the writ was denied, and Jones missed the deadline for appealing the denial. *Id.* 3-4. However, a defendant who fails to pursue a timely direct or collateral attack on his predicate convictions, or whose attack fails, is not within the narrow exception of *Daniels*. *Daniels*, 532 U.S. at 382.

A writ of *coram nobis* was available to Jones to challenge his state convictions. His failure to obtain the writ or timely appeal its denial is not a basis for relief. *See id.* Jones's 2003 conviction is presumptively valid, and the Court properly relied on it.

Jones also argues that the government failed to prove his 1990 narcotics conviction. The PSR listed four convictions that qualified as predicate offenses under § 924(e).[6] The government did not rely on the 1990 conviction in its sentencing memorandum, Resp. to Mot. to Vacate Ex 3, 3-4, and it was not essential to determining Jones's armed career criminal status. Thus, had the 1990 conviction not been proved, Jones was an armed career criminal because of the 1992 robbery and the 1994 and 2003 narcotics convictions.

---

[6] The Court is entitled to rely on the PSR.

B.  Ineffective Assistance of Counsel

The Sixth Amendment guarantees the effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 686 (1984). To prove ineffective assistance of counsel, Jones must show that: (1) counsel's deficient performance (2) prejudiced his defense. *Id.* at 687. Jones must establish that counsel made errors so serious that the "representation fell below an objective standard of reasonableness." *Id.* at 688. Jones must also demonstrate prejudice by showing a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

As he pled guilty, Jones must show that "'but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.'" *Hooper v. Garraghty*, 845 F.2d 471, 475 (4th Cir. 1988) (*quoting Hill v. Lockhart*, 474 U.S. 52, 59 (1985)).

Jones argues that his attorney's performance fell below an objective standard of reasonableness when his attorney failed to show him the September offer until after it expired. Mot. to Vacate 9. The United States asserts that despite the expiration date in the plea letter, the offer remained open "up to and including the week prior to Defendant's trial." Resp. to Mot. to Vacate 8.

If Keating failed to notify Jones that the offer was open, and if that failure was objectively unreasonable, Jones's argument fails because the failures were not prejudicial. After he saw the September offer, Jones told Keating that he would accept a plea offer *if* the government "agree[d] to label my [20]03 [narcotics] conviction as an over-representation of the crime." Resp. to Mot. to Vacate Ex. 4, 4. Jones rejected the September offer and sought a more favorable agreement.

If Jones had accepted the September offer, a 170-month sentence would have been within the advisory guidelines range of 140-175 months. *Id.* 10. The sentence may well have been the same.

On November 27, 2010, Jones conceded that he had never planned to go to trial. *Id.* Ex. 5, II-15:18-25; II-16:1 ("I never denied having the gun. . . . So that was my intentions, to challenge the charging documents, . . . but I never—I don't want to waste the Court's time."). In this motion, he does not argue that he would have gone to trial but for Keaton's alleged error. *See* Mot. to Vacate 8-11. Jones's motion will be denied.

C. Appointment of Counsel

The Court will appoint counsel to a *pro se* litigant seeking § 2255 relief when it serves the interests of justice. *See* 18 U.S.C. § 3006A(a)(2)(B). Here, no hearing is necessary, and Jones has adequately argued his grounds for relief; there is no

reason to appoint counsel. *See* Rules Governing Section 2255 Proceedings for the U.S. District Courts R. 6, 8 (2010) (court should appoint counsel when a hearing or discovery will be required). The interests of justice do not require appointment of counsel, and Jones's motion, ECF No. 54, will be denied.

D. Certificate of Appealability

A certificate of appealability ("COA") must issue before a petitioner may appeal the court's decision in a 28 U.S.C. § 2255 case. *See* 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b). A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (*quoting Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were adequate to deserve encouragement to proceed further," *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (internal quotations omitted). Denial of a COA does not prevent the petitioner from seeking permission to file a successive petition or pursuing his claims upon receipt of such permission.

Because Jones has not made a substantial showing of the denial of his constitutional rights, this Court will not issue a COA.

III. Conclusion

For the reasons stated above, Jones's motion to vacate will be denied.

____9/28/11____  
Date

_____  
William D. Quarles, Jr.
United States District Judge